UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALAN BROADNAX,

        Petitioner,

Case No. 2:19-cv-13764

HONORABLE STEPHEN J. MURPHY, III

v.

JACK KOWALSKI,

        Respondent.
_____/

**OPINION AND ORDER DENYING
PETITION FOR WRIT OF HABEAS CORPUS [1],
DENYING CERTIFICATE OF APPEALABILITY, AND
DENYING PETITIONER'S MOTION FOR APPEAL BOND [12]**

Petitioner, Alan Broadnax, a Michigan Department of Corrections inmate, sought a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner was found guilty of first-degree criminal sexual conduct under Mich. Comp. Laws § 750.520b, ECF 10-8, PgID 622, and received a twenty-five to seventy-five-year prison sentence. ECF 10-9, PgID 641. Petition now challenges his conviction on two grounds. First, Petitioner claims that his trial counsel was ineffective. ECF 1, PgID 24. And second, Petitioner claims that the state courts erroneously failed to hold an evidentiary hearing on his ineffective assistance of counsel claim. *Id.* at 13. After filing, Petitioner also moved for an appeal bond. ECF 12. The Court will deny the petition, ECF 1, the certificate of appealability, and the motion for an appeal bond, ECF 12, because Petitioner's claims lack merit.

## BACKGROUND

More than ten years ago, an eighteen-year-old woman and her friend went to a house party. ECF 10-6, PgID 328–30. During the party, however, the friend left. *Id.* at 334. Shortly after realizing she was the only female left at the party, the woman looked for another way to return home. *Id.* But before the woman could leave, she was physically assaulted and knocked unconscious. *Id.*

When the victim woke up, she was naked with Petitioner—a stranger in his forties—on top of her. *Id.* at 335. Petitioner began choking the victim and hitting her head against the ground as he raped her. *Id.* at 335–37. When Petitioner stopped, he threw the victim to the ground and told another person to "get this bitch out of here." *Id.* at 338. Clothing was then thrown at the victim and she was pushed out of the house in the middle of the night. *Id.* at 338–39. Over the next several hours, the victim walked home without her cellphone, her underwear, her purse, her jacket, or shoes. *Id.* at 339.

The police and paramedics were not called until the victim finally arrived home in the early morning. *Id.* at 341. The victim had scrapes and bruises on her face, a black eye, a fat lip, and hand marks on her neck. *Id.* at 365. The responding police officers and the emergency room physician observed the same injuries. ECF 10-7, PgID 421–22 (physician), 426 (physician), 472 (officer), 474 (officer).

Unfortunately, the criminal investigation into the victim's rape "languished for years." *People v. Broadnax*, No. 333205, 2018 WL 1733410, at *1 (Mich. Ct. App. Apr. 10, 2018) (per curiam). There were two reasons for the delay. First, the police were

unsure of who had jurisdiction to conduct the investigation. *Id.* And second, the victim's rape kit sat untested for five years. *Id.*

When the rape kit was eventually tested, Petitioner's DNA matched. In due time, the victim also identified Petitioner in a photographic array. *Id.*

After Petitioner's trial and conviction, he appealed to the Michigan Court of Appeals. He alleged, among other claims, that his Sixth Amendment right to effective assistance of counsel was denied because of his trial counsel's errors. ECF 10-10 PgID 684–694. The Michigan Court of Appeals rejected these claims and affirmed Petitioner's conviction. *Broadnax*, 2018 WL 1733410, at *3–7. The Michigan Supreme Court ultimately denied review of the case. *People v. Broadnax*, 503 Mich. 945 (2019) (Table).

In December 2019, Petitioner filed the present pro se habeas corpus petition. ECF 1. He claimed that his trial counsel was ineffective for three reasons. *Id.* at 24. First, his attorney failed to present a consent defense to the jury. *Id.* at 24, 28–30. Second, his attorney erroneously advised him not to testify. *Id.* at 24–26. Third, his attorney had misadvised him about the twenty-five-year mandatory-minimum sentence he faced. *Id.* at 24, 26. And finally, Petitioner also alleged that the Michigan Court of Appeals wrongly denied him an evidentiary hearing for his ineffective assistance of counsel claims. *Id.* at 13–19.

## LEGAL STANDARD

28 U.S.C. § 2254(d)(1)–(2) curtails a federal court's review of constitutional claims raised by a state prisoner in a habeas action if the claims were adjudicated on the merits by the state courts. Relief is barred under this section unless the state

3

court adjudication was "contrary to" or led to an "unreasonable application of" clearly established Supreme Court law or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2).

A state court unreasonably applies Supreme Court precedent only when its application of precedent is "objectively unreasonable." *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003) (internal citations omitted). A merely "incorrect or erroneous" application is insufficient. *Id*. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 654 (2004)).

## DISCUSSION

I.  Ineffective Assistance of Counsel

To prevail on his ineffective assistance of counsel claim, Petitioner must show that (1) his trial "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Unless he makes both showings, it cannot be said that his convictions "resulted from a breakdown in the adversary process that renders the result unreliable." *Id*.

*Strickland's* deficient-performance prong "requires [a] showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. "[T]he defendant must show that

4

counsel's representation fell below an objective standard of reasonableness." *Id.* at 688.

Likewise, the prejudice prong "requires [a] showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. A petitioner must prove "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

For a state court's adjudication of a *Strickland* claim to be "unreasonable" under 28 U.S.C. §2254(d)(1), it "must have been 'so lacking in justification' that it amounts to 'an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Hendrix v. Palmer*, 893 F.3d 906, 922 (6th Cir. 2018) (quoting *Richter*, 562 U.S. at 103). "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Richter*, 562 U.S. at 105 (internal and end citations omitted).

A.  *Trial Counsel's Failure to Present a Consent Defense at Trial*

Petitioner had two potential trial strategies: a consensual sex defense or an attack of the victim's credibility. Petitioner's trial counsel chose the latter. If Petitioner's trial counsel had pursued the consensual sex defense, Petitioner would have testified. As the Michigan Court of Appeals noted, Petitioner's testimony "risked opening the door to allowing the prosecution to offer evidence of a previous sexual assault committed by [Petitioner]." *Broadnax*, 2018 WL 1733410, at *4; *see* ECF 10-

5

3, PgID 170–71. As Petitioner stated at his sentencing, "my attorney felt that it would be impossible for him to defend two rapes." ECF 10-9, PgID 638. To this end, the Court of Appeals properly found that "foregoing a consent defense and instead focusing on attacking the credibility of the victim's testimony" was not an "unreasonable" decision. *Broadnax*, 2018 WL 1733410, at *4; *see also Ringle v. Berghuis*, 2019 WL 244686, at *3 (W.D. Mich. Jan. 17, 2019) (counsel reasonably advised defendant to not testify to avoid impeachment with evidence of a prior criminal activity).

Indeed, attacking the Victim's credibility was not an unreasonable trial strategy considering the "inconsistencies about various details of the [V]ictim's account and the seeming implausibility of the victim's account of walking home from Southfield to Hamtramck in sub-freezing temperatures with no shoes or jacket." *Id.* The strategy was also not unreasonable considering the difficulty of persuading the jury to believe a consensual sex defense when there was corroborating evidence that the victim was beaten, choked, and bruised. ECF 10-6, PgID 365; ECF 10-7, PgID 421–22, 426, 472, 474; *see Bartell v. Berghuis*, 2019 WL 196509, at *8 (E.D. Mich. Jan. 15, 2019) (counsel reasonably advised defendant to forgo testifying about a consent defense because evidence of a severely-beaten victim contradicted the defense). In all, there was nothing "objectively unreasonable" about Petitioner's trial counsel's strategy, *Wiggins*, 539 U.S. at 520–21, so the Court will deny habeas relief on this claim.

6

### B. *Trial Counsel's Advice to Waive the Right to Testify*

Next, Petitioner claimed that his trial counsel erroneously advised him to waive his right to testify. ECF 1, PgID 24, 26. Petitioner claimed the Michigan Rules of Evidence barred the admissibility of his prior charged sexual offense, which his trial counsel should have known. *Id.* at 21–22; *see* Mich. R. of Evid. 404(b)(1). But the trial court never admitted Petitioner's prior charged sexual offense into evidence. ECF 10-3. PgID 170–71. Rather, the trial court denied the prosecution's initial request to introduce the prior offense into evidence and agreed to revisit its admissibility if Petitioner chose to testify. *Id.* As the Michigan Court of Appeals, noted "it was not objectively unreasonable for counsel to advise Broadnax of the risk that the prosecution would seek to offer this evidence against him if he did testify." *Broadnax*, 2018 WL 1733410, at *7.

Because Petitioner's trial counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment[,]" *Strickland*, 466 U.S. at 690, the claim is meritless. Advising Petitioner to waive his right to testify was a tactical decision and was not unreasonable. *See Warlick v. Romanowski*, 367 F. App'x 634, 642 (6th Cir. 2010) (explaining how counsel's advice not to testify was a reasonable tactical decision to avoid impeachment with a prior conviction); *Ringle*, 2019 WL 244686, at *3 (same). The Court will also deny habeas relief on this claim.

### C. *Trial Counsel's Advice about a Mandatory-Minimum Sentence*

Petitioner also asserted that his trial counsel incorrectly informed him that he was subject to a mandatory-minimum sentence of twenty-five years as a "super" habitual offender under Mich. Comp. Laws § 769.12(1)(a). ECF 1, PgID 16. Petitioner asserted—without explanation—that if his attorney had properly advised him that no mandatory-minimum sentence applied, then he would have testified in his own defense. *Id.* at 26. But, as the Michigan Court of Appeals stated, "even if penalty concerns influenced Broadnax's decision, Broadnax still faced the risk of receiving a minimum sentence of 25 years or more if convicted." *Broadnax*, 2018 WL 1733410, at *6. If anything, Petitioner chose not to testify because of the possible admission of his prior sexual assault charge, not any incorrect advice about a mandatory minimum sentence. ECF 10–9, PgID 638. There was no "cause-and-effect relationship between the deficient performance and any prejudice suffered by the defendant." *Williams v. Burt*, 949 F.3d 966, 975 (6th Cir. 2020) (citing *Strickland*, 466 U.S. at 687). Petitioner's third claim therefore lacks merit.

II.  <u>State Court's Failure to Hold an Evidentiary Hearing</u>

Finally, although the state courts did fail to hold an evidentiary hearing, that failure alone, is not a claim upon which habeas relief may be granted. The Supreme Court has not established a constitutional right to an evidentiary hearing to develop appellate issues. *Hayes v. Prelesnik*, 193 F. App'x 577, 584–85 (6th Cir. 2006); *Davis v. Ludwick*, 2013 WL 1212833, at *18 (E.D. Mich. Mar. 25, 2013) (denying habeas relief on similar evidentiary hearing claim); *Hall v. Berghuis*, 2009 WL 2244793, at

8

*9 (E.D. Mich. July 27, 2009) (same). The state court's decision to rule on Petitioner's claim without holding a hearing did not contravene clearly established Supreme Court precedent. 28 U.S.C. § 2254(d)(1). Seeing that none of Petitioner's claims merit relief, the petition will be denied.

III.  Certificate of Appealability

To appeal the Court's decision, a habeas petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253(c). The applicant must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citation omitted). A federal district court may grant or deny a certificate of appealability when the court decides the habeas petition. *See Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002). Here, jurists of reason would not debate the Court's conclusion that Petitioner has failed to demonstrate entitlement to habeas relief with respect to his meritless claims. A certificate of appealability will therefore be denied.

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that Petitioner's writ of habeas corpus [1] is **DENIED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's motion for appeal bond [12] is **DENIED** as moot.

**SO ORDERED.**

                                              s/ Stephen J. Murphy, III
                                              STEPHEN J. MURPHY, III
                                              United States District Judge

Dated: August 27, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 27, 2020, by electronic and/or ordinary mail.

                                              s/ David P. Parker
                                              Case Manager